STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
Docket No.: CV-17-169

CYNTHIA TROIANO

        Plaintiff,

    v.

FLATBREAD COMPANY

        Defendant,

)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER

STATE OF MAINE
Cumberland ss Clerk's Office

NOV 02 2017 2:29PM

RECEIVED

This Order addresses Defendant Flatbread Company's motion to dismiss based upon Rule 12(b)(6) of the Maine Rules of Civil Procedure.

"In reviewing [] a motion to dismiss, [the court] consider[s] the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123, 127. The court will "'examine the complaint in the [*5] light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.'" *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, 832). "'Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim.'" *Id.*

The Maine Rules of Civil Procedure incorporate principles of notice pleading. *See e.g., Burns v. Architectural Doors & Windows*, 2011 ME 61, ¶ 21, 19 A.3d 823, 829. Rule 8 calls for "1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief which the pleader seeks." M.R. Civ. P. 8; *see also Bean v. Cummings*, 2008 ME 18, ¶ 8, 939 A.2d 676, 679(discussing pleading requirements in light of recent United States Supreme Court decisions, and noting that Rule 9(b) identifies certain claims that require a heightened pleading standard such as fraud or mistake). Notice pleading requires the plaintiff to provide the opposing party with "fair notice of the claim." *Polk v. Town of Lubec,*

**Plaintiff-Samuel Riotte, Esq.**
**Defendant-Abigail Varga, Esq.**

2000 ME 152, ¶ 18, 756 A.2d 510, 514 [*6] (quoting *E.N. Nason, Inc. v. Land-Ho Dev. Corp.*, 403 A.2d 1173, 1177 (Me. 1979)).3↓

With that framework in mind, the analysis turns to the specific count of the complaint.

The attorneys for the parties have well and fully argued the salient issues in their papers, which were explored at some length by the court during oral argument. Defendant moves to dismiss the Complaint based upon a pleading deficiency in setting forth Ms. Troiano's WPA claim. More narrowly, the argument concerns only the first prong of a WPA claim; to wit, that the employee engaged in activity protected by the WPA. Even more narrowly, the protected act in this case is alleged to have been a report to Flatbread what the employee reasonably believed was a violation of law.

To that end, there are two communications between Ms. Troiano and Flatbread that are at issue. The court focuses on the communication with Mr. Cancelliere, which as pled in paragraphs 37 and 38. Flatbread bottoms its argument on paragraph 38, which states as follows:

> 38.    Ms. Toiano told Mr. Cancelliere to keep what she was said confidential because she was worried that raising this issue could negatively affect her employment status.

Flatbread argues that this allegation not only fails to support a protected "WPA" report but to the contrary establishes that she did not want her employer to take any action with respect to the report.[1] The argument, while creative, is somewhat overwrought and in the end, unpersuasive.

Paragraph 38, if taken in a light most favorable to the non-moving party, could as comfortably mean that Ms. Toiano did not want her identity revealed in addressing what she believed was an illegal practice so as to preserve her employment. Whether that is true or not,

---

[1] The activity Ms. Toiano thought to be illegal was the practice, which Flatbread disputes it engages in, of "chargebacks," which charges the server if a table walks out without paying.

is not the task before the court on a 12(b)(6) motion. That is qualitatively different from Flatbread's characterization that the allegation must mean, exclusive to all other reasonable interpretations in a notice pleading context, that Ms. Troiano wanted to conceal the illegal practice altogether and to affirmatively not have Flatbread stop the practice. In light of the standards by which such motions must be evaluated, the court disagrees and denies the motion to dismiss.

Defendant Flatbread Company's motion to dismissed is DENIED.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: November 2, 2017

Lance E. Walker
Justice, Superior Court