STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  Docket No. CV-11-046

A-PLUS ROOFING, INC.
a/k/a A-Plus Roofing &
Masonry, Inc.

            Plaintiff

v.                                                        ORDER


AMERICAN BUILDERS AND                        STATE OF MAINE
CONTRACTOR'S SUPPLY CO., INC.                Cumberland, SS. Clerk's Office
d/b/a ABC Supply Co., Inc.
                                                      JUN 30 2011
            Defendant
                                                      RECEIVED


        Before the Court is the Defendant's Motion to Dismiss the Complaint of Plaintiff

A-Plus Roofing, Inc. pursuant to M.R. Civ. P. 12(b)(6).    For the following reasons, the

Defendant's Motion to Dismiss is DENIED.

                                    BACKGROUND

        On November 5, 2010, the Plaintiff A-Plus Roofing, Inc. (hereinafter "Plaintiff"),

purchased 1,200 bundles of roofing shingles from American Builders and Contractors

Supply Co., Inc. (hereinafter "Defendant") for a total price of $37,956.00. (Compl. ¶ 3.)

On November 29, 2010, the Defendant delivered four hundred bundles of non-

conforming shingles to the job site in Freeport. (Id. ¶¶ 4, 7.)  The Plaintiff's principal

was not present to refuse the nonconforming goods. (Id. ¶ 7.)  The Plaintiff's employees

started to install the shingles, which later had to be removed. (Id. ¶¶ 7, 10.)  On

December 30, 2010, the Defendant filed a Notice of Lien Claim for the Plaintiff's failure

to pay the remaining balance on the non-conforming shingles. (Id. ¶ 12.)   This balance

was deducted from the Plaintiff's total compensation. (Id.)


                                          1

The Plaintiff was administratively dissolved by the Maine Secretary of State, effective September 10, 2008, for its failure to file required annual reports. (Opp'n to M. Dismiss.)[1] Plaintiff was a dissolved corporation at the time it entered into the contract with the Defendant on November 5, 2010. (Opp'n to M. Dismiss.)

A-Plus Roofing filed a three-count complaint against the Defendant alleging breach of contract concerning the delivery of the non-conforming shingles. Count One requests $11,235.00 in damages for the additional cost of purchasing conforming shingles from a different seller. (Compl. ¶ 5.) Count Two requests $11,920.00 for the cost of employee labor, shingle removal, and disposal costs. (*Id.* ¶ 10.) Count Three requests $6,027.30 for the payment to the Defendant for the cost of 150 non-conforming shingles. (*Id.* ¶ 13.)

## DISCUSSION

In a motion to dismiss, the court considers the facts in the complaint as if they were admitted. *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123, 127. We "examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, 832). "Dismissal is warranted when it appears beyond a doubt that the

---

[1] Although pure motion to dismiss practice is generally limited to a consideration of the pleadings, "official public documents . . . may be properly considered on a motion to dismiss without converting the motion to one for a summary judgment when the authenticity of such documents is not challenged." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 11, 843 A.2d 43, 48. In this case, the Defendant attached a website printout from the Secretary of State to its Motion to Dismiss. (*See* Def.'s Ex. A.) The Plaintiff likewise attached a printout from the Secretary of State to its Objection to the Defendant's Motion to Dismiss. (*See* Pl.'s Ex. A.) Neither party questions the authenticity of the evidence. (*See* Opp'n to M. Dismiss; *see also* M. Dismiss.) Therefore, the Court should consider these documents without converting the Defendant's Motion to Dismiss into a Motion for Summary Judgment.

plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.* (quotation marks omitted).

The Defendant asserts that the Plaintiff is estopped from filing suit under Maine law because the Secretary of State administratively dissolved the corporation. (M. Dismiss ¶ 1.) According to the Secretary of State's Listing of All Filings, the Plaintiff was administratively dissolved on September 10, 2008, because of its failure to file annual reports. (Def.'s Exhibit A.) Furthermore, the Defendant also asserts the Maine Business Corporation Act, 13-C M.R.S. § 101, *et seq.*, prohibited the Plaintiff from entering into any new contracts for work.

"A corporation administratively dissolved continues its corporate existence but may not transact any business in this State except as necessary to wind up and liquidate its business and affairs ...." 13-C M.R.S. § 1421(3). Included in the definition of conduct necessary to wind up or liquidate its business and affairs is "[d]oing every other act necessary to wind up and liquidate its business and affairs." 13-C M.R.S. § 1406(1)(E). Defendant argues that the purchase contract, made more than two years after the dissolution, was invalid because the Plaintiff was required to limit its conduct to actions intended to "wind up" affairs. *Id.* The Plaintiff concedes that the corporation was administratively dissolved. (Pl.'s Ex. A.) However, the Annual Report Electronic Filing Acknowledgment indicates that the Plaintiff applied for reinstatement on February 21, 2011. *Id.*

An administratively dissolved corporation may apply to the Secretary of State for reinstatement within six years after the date of dissolution. 13-C M.R.S. § 1422(1). When the reinstatement becomes effective, it relates back to before dissolution, and the corporation resumes business as if the administrative dissolution had not occurred. 13-C M.R.S. § 1422(3). For any action occurring during a period of dissolution, the law

3

treats it as if it were always in good standing upon its reinstatement. *Caraboolad v. Indian Ridge Homeowner's Alliance*, 2007 Me. Super. LEXIS 156, at *11 (Aug. 1, 2007). Here, the Plaintiff was dissolved in 2008 and filed for reinstatement in 2011, well within the six-year time limit. (Opp'n to M. Dismiss.)

However, title 13-C, section 1422(2) states:

> If the Secretary of State determines that the application contains the information required under subsection 1 and is accompanied by the reinstatement fee set forth in section 123, subsection 1 and that the information is correct, the Secretary of State shall cancel the administrative dissolution and prepare a notice of reinstatement that recites that determination and the effective date of reinstatement. The Secretary of State shall use the procedures set forth in section 1421, subsection 8 to deliver the notice to the corporation.

13-C M.R.S. § 1422(2). The Plaintiff has attached an Electronic Filing Acknowledgment, which appears to be no more than an application for reinstatement. (Pl.'s Ex. A.) The Plaintiff offers no evidence that the Secretary of State accepted the application and officially reinstated the corporation. Furthermore, section 1421(8) states:

> The Secretary of State shall send notice of its determination under subsection 1 by regular mail and the service upon the corporation is perfected 5 days after the Secretary of State deposits its determination in the United States mail, as evidenced by the postmark, if mailed postpaid and correctly addressed to the clerk of the corporation.

13-C M.R.S. § 1421(8). The Plaintiff offers no proof that the notice of reinstatement was sent by regular mail and service upon the corporation was perfected. According to the plain and unambiguous language of the statute, an electronic filing acknowledgment is not a sufficient notice of reinstatement. *See Anastos v. Town of Brunswick*, 2011 ME 41, ¶ 9, 15 A.3d 1279, 1283 ("In interpreting a statute, we first consider the plain language and will consider other indicia of legislative intent if the language is silent or ambiguous."). Without a notice of reinstatement, there is no reinstatement that relates back to the date

of dissolution.[2] Accordingly, the corporation was administratively dissolved at the time of the agreement with the Defendant.

However, the court cannot say that the Defendant is entitled to dismissal. Though dissolution "limits an administratively dissolved corporation's lawful activities to wind up, liquidation, and notification, it does not follow that such an entity somehow 'exists' only for those purposes and 'ceases to exist' for others." *Embassy Software Corp. v. eCopy, Inc.*, 592 F. Supp. 2d 225, 230 (D.N.H. 2009). The Defendant's claim could be boiled down to an assertion that entering into a construction contract was an ultra vires act. *See id.*[3] The official comment to the Model Business Corporation Act states:

> The phrase in section 3.04(a) that the "validity of corporate action may not be challenged on the ground that the corporation lacks or lacked power to act" applies equally to the use of the doctrine as a sword or as a shield: a third person may no more avoid an undesired contract with a corporation on the ground the corporation was without authority to make the contract than a corporation may defend a suit on a contract on the ground that the contract is ultra vires.

Model Business Corporation Act § 3.04 cmt. (2005) (available at http://apps.americanbar.org/buslaw/committees/CL270000pub/nosearch/mbca/assembled/20051201000001.pdf) (last visited June 27, 2011). The Defendant cannot now claim that a contract it entered into with an administratively dissolved corporation is void to avoid its obligations under the contract.

Additionally, the Plaintiff is entitled to bring this suit. Under the Maine Business Corporations Act, dissolution does not "[p]revent commencement of a proceeding by or against the corporation in its corporate name." 13-C M.R.S. § 1406(2)(E).

---

[2] The court declines to consider what effect, if any, the production of a valid notice of reinstatement would have in future proceedings.

[3] Under 13-C M.R.S. § 304, though an act might be ultra vires, "the validity of corporate action may not be challenged on the ground that the corporation lacks or lacked power to act" except by a shareholder, the corporation itself, or the Attorney General under specified circumstances, which is not the case here. 13-C M.R.S. §§ 304(1), (2).

5

## CONCLUSION

The entry shall be,

The court DENIES the Defendant's Motion to Dismiss.

Date: _Jun 30, 2011_

_____
Roland A. Cole
Justice, Superior Court

6

APLUS ROOFING INC VS AMERICAN BUILDERS AND CONTRACTORS SUPPLY CO INC
UTN:AOCSsr  -2011-0011930                        CASE #:PORSC-CV-2011-00046
-------------------------------------------------------------------------

01 0000002382           AUDIFFRED, JAMES
    374 MAIN STREET PO BOX 1005 SACO ME 04072
    F     APLUS ROOFING INC                        PL        RTND    02/07/2011

02 0000002342           MANN, DEBORAH
    10 FREE STREET PO BOX 4510 PORTLAND ME 04112
    F     AMERICAN BUILDERS AND CONTRACTORS SUPPLY DEF       RTND    02/15/2011