STATE OF MAINE
SAGADAHOC, ss.

SUPERIOR COURT
Civil Action
Docket No. RE-2017-8

MARIAH PENNELL, Individually and )
on behalf of the Estate of Harold Howard )
Owen, Sr., )
                                        )
            Plaintiffs                  )
                                        )    **ORDER AND DECISION**
      v.                                )    **ON DEFENDANTS'**
                                        )    **MOTION TO DISMISS**
MARGARET L. KELLEY                      )
                                        )    **(Title to Real Estate Involved)**
      and                               )
                                        )
INHABITANTS OF THE TOWN OF              )
TOPSHAM,                                )
                                        )
            Defendants.                 )

This matter is before the Court on Defendant Margaret L. Kelley's Motion to

Dismiss, joined by Defendant Town of Topsham ("the Town").

## BACKGROUND

In 1970, Gilbert B. Stanbridge granted the property at 223 Ward Road,

Topsham, Maine to "Harold Howard Owen, Jr." (Def.'s Mot. Ex. 5). This deed was

recorded in the Sagadahoc County Registry of Deeds at Book 372, Page 115. (Def.'s

Mot. Ex. 5).

Harold Howard Owen, Sr., was domiciled at 223 Ward Road at the time of

his death on May 7, 2009. (Def.'s Mot. Ex. 1). Plaintiff, Mariah Pennell, is Harold

1

Howard Owen, Sr.'s daughter, sole devisee, and personal representative of his estate. (Def.'s Mot. Ex. 1 & 2). On the application for informal probate, completed by Plaintiff and signed on June 3, 2009, the probate estate is listed as containing real estate in the Town. (Def.'s Mot. Ex. 1).

On July 20, 2009, the Town sent a Tax Collector's Notice, Lien Claim and Demand 30 Day Notice to Harold Howard Owen, Jr., the owner of record for 223 Ward Road. (Def.'s Mot. Ex. 3). On August 26, 2009, the Town sent a Tax Lien Certificate to Harold Howard Owen, Jr., the owner of record for 223 Ward Road. (Def.'s Mot. Ex. 4).

On January 25, 2011, the Town sent a Notice of Impending Automatic Foreclosure[1] to Harold Howard Owen, Jr., which was returned as "not deliverable as addressed, unable to forward." (Pl.'s Opp. Ex. 2). The returned envelope had the message "PO Box 292, ?, leave it alone per Ruth" written on the front. (Pl.'s Opp. Ex. 2).

The Town's "vision card," as printed on April 9, 2010, reflects Harold Howard Owen Jr., as the owner of record of 223 Ward Street. (Pl.'s Opp. Ex. 3).

---

[1] Plaintiff claims that only one Notice of Impending Automatic Foreclosure was sent, on January 25, 2011 and that the notice was incorrectly dated January 25, 2010. (See Pl. Opp. para. 3). The Town admits that the notice sent on January 25, 2011 was incorrectly dated but asserts that it sent the notice on both January 25, 2010 and January 25, 2011, and that only the January 25, 2011 Notice was returned. (Def.'s Reply. para. 3; Def's Mot. Ex. 6). Since the facts must be viewed in the light most favorable to Plaintiff on a motion to dismiss, this Motion considers that only one notice was sent, on January 25, 2011.

2

Someone added a note by hand to the vision card that reads: "Probate Howard SR?, c/o Mariah L. Pennell." (Pl.'s Opp. Ex. 3 (emphasis in original)). Despite this note, Plaintiff did not receive notice from the Town of the impending foreclosure. (Compl. ¶ 13). The foreclosure redemption period expired on February 26, 2011. (Def. Mot. Ex. 6).

The May 26, 2011 Town Board of Selectmen's meeting minutes reflect the following under the heading "Consideration and Any Appropriate Action on the Tax-Acquired Property Formerly Owned by Harold Owen, Jr.":

> Following an explanation by the Town Manager that the Owen family has submitted a $3,100 check to cover all back-taxes, lien charges and interest which happened because they never received the lien notice because of a Jr./Sr. mix up . . . it was unanimously VOTED to authorize the Town Manager to accept the $3,100 for back taxes and to authorize a Quit Claim Deed.

(Pl.'s Opp. Ex. 4). Plaintiff contends that the Owen family did not know of the mix up. (Pl.'s Opp. p. 3). Plaintiff claims this by asserting that Defendant Kelley is not a part of the Owen family, despite Defendant Kelley's denial and assertion that she married a biological member of the Owen family. (Compl. ¶ 16; Pl.'s Opp. ¶ 8; Answer ¶ 16; Def.'s Reply ¶ 8).

The Town executed a Quit Claim Deed and a Corrective Deed on June 15, 2011 and July 22, 2011, respectively, to Defendant Kelley for the property at 223 Ward Road, recorded at Book 3301, Page 35 and Book 3306, Page 249, respectively. (Def.'s Mot. Ex. 7).

3

Plaintiff commenced this action on May 22, 2017, seeking Quiet Title in Count I and alleging Conversion in Count II. Defendants Answered and Defendant Kelley filed this Motion to Dismiss, joined by the Town through its Memorandum in Support of the Motion to Dismiss.

## STANDARD OF REVIEW

A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the allegations in the complaint."[2] *Barnes v. McGough*, 623 A.2d 144, 145 (Me. 1993) (internal citations omitted). The court shall "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123, 127. The complaint is viewed "in the light most favorable to

---

[2] Although captioned as a motion to dismiss, such a motion may properly be considered as a motion for summary judgment if the parties ask the court to consider evidence outside of the complaint. *See Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 8, 843 A.2d 43. A narrow exception allows the court to consider extraneous documents on a motion to dismiss that are public documents, documents that are central to the plaintiff's claim, or documents referred to in the complaint. *Id.* at ¶¶ 9-11. In this case, the documents comprising the exhibits to the Motion to Dismiss and responsive motions include:

- the application for informal probate completed by Mariah Pennell (a public document and referred to at Compl. ¶¶ 5-6);
- letters of authority for Mariah Pennell (a public document);
- tax foreclosure and lien notices and tax lien certificates (referred to at Compl. ¶¶ 8-9);
- deed to Harold Howard Owen Jr. (a public document);
- release deed and corrective deed to Margaret Kelley (public documents and referred to at Compl. ¶¶ 19-20);
- returned envelope (referred to at Compl. ¶¶ 9-10);
- vision card for 223 Ward Road (a public document and referred to at Compl. ¶ 12);
- minutes of the May 26, 2011 Town Board of Selectmen meeting (public document and referred to at Compl. ¶¶ 14-15)

Since all the exhibits presented by the parties in connection with this Motion to Dismiss are public documents and/or referred to in the Complaint, notwithstanding the extent to which such documents are central to Plaintiff's claim, the Motion to Dismiss is properly considered as a motion to dismiss.

4

the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.*

## DISCUSSION

Under Maine law, property ownership is generally established through deeds recorded in the registry of deeds within the county where the property lies. 33 M.R.S. § 201. Other methods of establishing ownership of property exist, such as adverse possession, but none are alleged in the Complaint. The 1970 deed recorded in the Sagadahoc County Registry of Deeds for 223 Ward Road, Topsham, reflects Harold Howard Owen, Jr., as the owner. Since there are no other deeds alleged or presented for 223 Ward Road, Harold Howard Owen, Jr., is considered the legal owner of the property. The Town believed this to be the case, recognizing Harold Howard Owen, Jr., as the owner of record on its vision card and issuing the municipal tax lien notices and certificates in his name.

The two instances asserted in the Complaint where Harold Howard Owen, Sr., is listed as the property owner are (1) in the Application for Informal Probate, completed by Plaintiff, and (2) in a handwritten note on the Town's vision card. The probate application states that Harold Howard Owen, Sr., was domiciled at 223

5

Ward Road and that the probate estate contained real estate in the Town of Topsham. It does not specifically claim that Harold Howard Owen, Sr.'s estate contains 223 Ward Road. Even if it did, the probate applicant only swears that, as far as the personal representative knows, the facts contained therein are accurate. It does not establish the existence of these facts. It especially does not establish ownership over a validly recorded deed in the registry. Perhaps Plaintiff truly believed that Harold Howard Owen, Sr., owned the property and therefore truthfully completed the probate application, but that does not establish that Harold Howard Owen, Sr. actually owned the property.

The version of the vision card presented to the Court was printed in 2010, after probate was opened and at which time the Town, through the registry, should have had notice that Harold Howard Owen, Sr.'s estate claimed to own 223 Ward Road.[3] The note says "Probate Howard <u>SR</u>?, c/o Mariah L. Pennell" from which the Court infers that the employee was confused because the printed vision card listed the owner as Harold Howard Owen, Jr., while the probate application claims Harold Howard Owen, Sr., owned it. However, this note also does not establish property interest over a validly recorded deed in the registry.

---

[3] In Maine, when an application for probate claims that there is real estate in the estate, common practice dictates that an abstract of the application for probate is recorded in the registry of deeds for the county within which the property lies. This effects to give constructive notice of the ownership status of the property.

Plaintiff looks to the minutes of the May 26, 2011 Board of Selectmen meeting and argues that the Owen family, and Harold Howard Owen, Sr.'s estate, did not have notice of the liens, and since the Owen family did not have notice of the lien, it could not have paid the $3,100 to discharge the liens. However, Defendant Kelley is a member of the Owen family by marriage, despite Plaintiff's continued assertions to the contrary. The Town was thus not mistaken in its minutes, as Plaintiff tries to claim. Regardless, there was no error in the Town's not contacting Ms. Pennell, even though she is the personal representative of Harold Howard Owen, Sr.'s estate. Harold Howard Owen, Jr., is the owner of record and it was his name listed on the liens, so there was no reason to contact Plaintiff as Personal Representative of the estate. The "Jr./Sr. mix up" to which the meeting minutes refer appears, again, to be a direct consequence of Plaintiff's completed probate application, which likely resulted in the note on the vision card.

The significance of the returned certified mail envelope with the message "PO Box 292, ?, leave it per Ruth" is unclear to the Court. "Ruth" may refer to Ruth Lyons, the Town Treasurer. (*See* Def. Mot. Ex. 6). However, Plaintiff does not provide an owner of the P.O. Box and does not explain how this establishes Harold Howard Owen, Sr.'s ownership of the property.

Lastly, Plaintiff makes an argument the "Harold Howard Owen, Jr." named as the grantee on the 1970 deed is the same person whose estate she probated as

7

"Harold Howard Owen, Sr." This argument is nonsensical. Plaintiff may be correct that for Social Security and Homeland Security purposes, a legal name does not include a suffix. However, that does not affect this matter, which relates to nether of those offices. Plaintiff's claims that, for example, when John Smith, Sr., dies, John Smith, Jr., suddenly drops the suffix "Jr."; and that if the man formerly known as John Smith, Jr. has a son, he then becomes John Smith, Sr., and his son becomes John Smith Jr. Plaintiff claims that "the only person who is supposed to be called 'Junior' is the son of someone with the exact same name. Once his father dies, he is no longer a 'Junior.'" When a person's parent dies, he is still the son of that parent. This is not how these suffixes are understood to operate by the general population and in common usage and the Court declines to understand them as such now.

For the foregoing reasons, Plaintiff cannot sustain a claim to disprove that Harold Howard Owen, Jr., is the owner of the property at 223 Ward Street. Nothing has been claimed in the Complaint on which a court could find that Harold Howard Owen, Sr., owned the property instead and is therefore entitled to any relief in this matter.

## CONCLUSION

Since Plaintiff has not presented a claim of quiet title or conversion upon which relief can be granted, Defendant's Motion to Dismiss is GRANTED.

8

The clerk is directed to incorporate this Order by reference in the docket in accordance with M.R. Civ. P. 79(a).

Date: May 29, 2018

Daniel I. Billings,
Justice, Maine Superior Court