STATE OF MAINE                                   BUSINESS & CONSUMER DOCKET
CUMBERLAND, ss.                                  DOCKET NO. BCD-CV-19-60


RONALD ROBERT BERUBE, et al.,          )
                                       )
             Plaintiffs,               )
                                       )
       v.                              )       ORDER DENYING PLAINTIFFS'
                                       )       MOTION FOR ATTACHMENT AND
VERSUS CAPITAL, LLC, et al.            )       DENYING DEFENDANT BELIVEAU'S
                                       )       MOTION TO DISMISS
             Defendants,               )
                                       )


       In conjunction with their Complaint, Plaintiffs have brought a Motion for Attachment

aimed at Defendant Severin Beliveau ("Beliveau"), seeking an order authorizing attachment and

attachment on trustee process in the amount of not less than $3,167,000. In response to the

Complaint, Beliveau has brought a Motion to Dismiss all counts asserted against him. For the

reasons set forth below, the Court denies both Motions.

                                **MOTION FOR ATTACHMENT**

       In order to obtain an attachment or attachment on trustee process, a plaintiff has the burden

of showing, *inter alia*, that it is more likely than not that the plaintiff will recover judgment in an

amount equal to or greater than the amount sought by the attachment. M.R. Civ. P. 4A(c) & 4B(c).

The motion seeking attachment must be supported by an affidavit or affidavits meeting the

requirements set forth in M.R. Civ. P. 4A(i). *Id.* Rule 4A(i) requires that the affidavit or affidavits

set forth specific facts sufficient to warrant the required findings.

       In this case, Plaintiffs support their Motion for Attachment with the affidavit of Gregory

Farris. The affidavit is superficial and conclusory, and fails to set forth specific facts sufficient for

1

this Court to determine whether Plaintiffs are more likely than not to prevail, or if they prevail, whether they are more likely than not to recover judgment in an amount equal to or greater than $3,167,000. Anticipating that the Court might have reservations about relying on the Farris affidavit, Plaintiffs argue that the Court should instead focus on the transactional documents themselves (i.e. the notes, allonge, and guarantees). The underlying transactional documents, while of course clearly relevant, do not alone fill in the evidentiary gaps necessary for Plaintiffs to satisfy their burden. At this early stage of the litigation the Court is not prepared to draw inferences that may or may not be supported by a more complete development of the evidence. The Plaintiffs' Motion for Attachment is denied.

## MOTION TO DISMSS

The Complaint pleads four counts against Beliveau: Court II, breach of guaranty; Count III, unjust enrichment; Count IV, intentional misrepresentation; and Count V, negligent misrepresentation. Beliveau challenges the factual basis for each of the counts. The problem with his challenge, however, is that at the motion to dismiss stage he cannot overcome the standard of review. In reviewing a motion to dismiss under Rule 12(b)(6), courts "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id*. (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). Dismissal is only warranted "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id*.

2

Here, dismissal is not warranted based on the allegations in the Complaint. For instance, with regard to Count II, Beliveau asserts that the guaranty is not supported by consideration. But the Complaint plainly alleges that it is. With regard to Count III, Beliveau asserts he did not benefit from the transactions, but the Complaint sufficiently alleges that he did. As to Count IV, Beliveau contends that the claim of fraud is not pled with sufficient particularity. However, the Complaint alleges all the necessary elements with specificity and supports the elements with alleged facts. As for Count V, the Complaint easily satisfies notice pleading standards. Accordingly, Beliveau's Motion to Dismiss is denied.

For all these reasons, both Plaintiffs' Motion for Attachment, and Beliveau's Motion to Dismiss, are denied.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

So Ordered.

Dated: January 23, 2020          ___/s_____
                                  Michael A. Duddy
                                  Judge, Business and Consumer Docket