STATE OF MAINE
OXFORD, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 20 - 57

RICHARD ANZALONE *et. al.*

v.                                                    ORDER

GLENN BRESETTE *et. al.*

Before the court are two filings by Defendant Frederick Harrison. The first is a Motion to Dismiss dated March 5. The second is a request to be excused from the mediation scheduled for June 30. The court held a status conference on June 28 on the record to address Mr. Harrison's motions.

1. *Motion to Dismiss*

Mr. Harrison filed a Motion to Dismiss with a description of facts. In essence, Defendant Bresette approached him and offered him money for some hemlock trees on Harrison's property. Harrison identified the property lines and expected that Bresette would only move trees off of his property. He was only paid for the trees removed from his property. He was not involved in the work. He had no knowledge of and no involvement with the tree removal from the Plaintiffs' property.

If those are the facts that prevail at trial or are uncontroverted in motion for summary judgment, then Harrison may not be liable. *See, Bonk v. McPherson,* 605 A.2d 74, 78-79 (Me. 1992) (property owner not liable for independent contractor's timber trespass). At the Motion to Dismiss stage, however, the court is not permitted to balance the facts. Instead, a motion to dismiss "tests the legal sufficiency of the allegations in the complaint, not the sufficiency of the evidence the plaintiffs are able to present." *Barnes v. McGough,* 623 A.2d 144, 145 (Me. 1993) (internal

1

citations omitted). The court shall "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830) (emphasis added). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that [s]he might prove in support of his claim." *Id.*

Here, viewing the Complaint in the light most favourable to the Plaintiffs, the Complaint alleges that the woodcutters were Harrison's agent. Therefore, it states a claim upon which relief may be granted and dismissal is inappropriate.

The court appreciates that Harrison may be frustrated at this result. While the facts may support his recollection of events, the Maine Rules of Civil Procedure require that factual disputes be resolved at trial unless the Defendant prevails in a motion for summary judgment, which requires a movant to meet specific procedural requirements. M.R.Civ.P. 56.

2. *Excused from Mediation*

Harrison requested to be excused from mediation for health reasons. After a discussion on the record on June 28, Harrison will attend mediation and may be excused if his health makes it difficult to continue.

For the reasons stated herein, the Motion to Dismiss is Denied. The request to excuse Harrison from the mediation is granted in part as stated.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: June 28, 2021

Thomas R. McKeon
Justice, Maine Superior Court

2