STATE OF MAINE
CUMBERLAND, ss.

BUSINESS & CONSUMER COURT
LOCATION: Portland
DOCKET NO. BCD-CIV-2022-00013

FRANKLIN SAVINGS BANK,    )
    )
    Plaintiff,    )
    )    **ORDER DENYING**
    v.    )    **DEFENDANTS' MOTION**
    )    **TO DISMISS**
MICHAEL T. BORDICK and    )
MONICA P. BORDICK,    )
    )
    Defendants.    )

## INTRODUCTION

In this case, Plaintiff Franklin Savings Bank ("Franklin Savings") seeks to recover property subject to a promissory note and security agreement it executed with Michael T. Bordick and Monica P. Bordick (together, the "Defendants") due to the Defendants' alleged default on their loan payment obligations. Now, pursuant to Rules (12)(b)(6)[1] of the Maine Rules of Civil Procedure, the Defendants move to dismiss Franklin Savings' Complaint. Because Franklin Savings has adequately stated a cause of action, the motion is denied.

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), the court must consider "the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d

---

[1] Defendants in their Motion to Dismiss and incorporated Memorandum of Law state they are also seeking dismissal under 12(b)(1) but as no party addresses this basis, the Court disregards it. Even if jurisdiction had been argued, the parties agreed to transfer to the Business Court and the Court plainly has jurisdiction.

1

830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id*.

## FACTUAL ALLEGATIONS

According to the Complaint, Franklin Savings, a Maine banking corporation with a place of business in Rangeley, Maine, on December 19, 2014, executed a promissory note ("Note") and security agreement ("Agreement") with the Defendants. Both Defendants are individuals residing in Towson, Maryland. The Note and Agreement related to a loan from Franklin Savings secured by a cabin on a leased property in Lower Cupsuptic Township, Maine (the "Camp"). Defendants borrowed the money to refinance debt owed to Franklin Savings and granted Franklin Savings a security interest in the Camp which was perfected by a Uniform Commercial Code Financing Statement. *See* Compl. Ex. A.

Under the Agreement, Defendants were obligated to make monthly payments to Franklin Savings until their debt was paid in full. They have defaulted on this obligation by failing to make timely payments. Franklin Savings notified Defendants of their default and of their right to cure under 9-A M.R.S. §§ 5-510 & 5-511 but Defendants have failed to cure their default.

Defendants executed a recreational lease agreement ("Lease") with Six Rivers Limited Partnership, as lessor, dated May 1, 2019, which the Defendants assigned to Franklin Savings on or about that same day. The Lease contains language providing that "title to all buildings on or hereafter erected or built on the leased premises shall be and remain personal property of the [Defendants]."[2]

---

[2] This language is not referenced in the Complaint but, because (i) both parties refer to this language in their briefs and (ii) documents central to a plaintiff's claim are properly considered on a motion to dismiss, the Court takes it as an established fact for the purposes of the Motion to Dismiss. *See Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 11, 843 A.2d 43.

Under the Agreement and the Lease, Franklin Savings believes it has a right to possession of the Camp. Franklin Savings believes Defendants are in possession of the Camp at its initial location in Lower Cupsuptic Township, Maine and has demanded they surrender it, but Defendants have failed and/or refused to comply.

DISCUSSION

Franklin Savings seeks to possess the Camp under 14 M.R.S. § 7071, which provides that "[i]f 2 or more persons claim a right in, title to or possession of personal property, a claimant may bring a civil action in District Court to resolve a dispute among the claimants." It alleges the Note, Agreement, and Lease grants it a right to possession via a security interest. Defendants first challenge as inadequate Franklin Savings' allegation that it was assigned the Lease. Defendants also deny the existence of this security interest on two bases: (i) the Camp is not personal property and thus not subject to § 7071, and (ii) the Maine Uniform Commercial Code prohibits security interests in materials incorporated in an improvement on land.

1. Franklin Savings Adequately Alleged the Assignment of the Lease

To adequately allege the assignment of a lease in the context of a motion to dismiss, a party need only state that a lease exists and that it was assigned. *Thurston v. Cont'l Casualty Co.*, 567 A.2d 922, 925 (Me. 1989). These are facts taken as true, not legal conclusions. The enforceability of the assignment is a matter to be determined at trial or by dispositive motion. Franklin Savings has adequately alleged it was assigned the Lease by Six Rivers Limited Partnership.

2. The Camp is Personal Property

Defendants assert that 14 M.R.S. § 7071 is inapplicable to the Camp because it explicitly applies to "personal property" and any interest Franklin Savings may have is in real estate.

3

However, 33 M.R.S. § 455 provides that "a building erected with the consent of the landowner by one not the owner of the land upon which it is erected [may] be and remain personal property" by the written agreement of the landowner. This is well established law which by its plain meaning and interpretation by courts over the years recognizes that an entire structure can be considered personal property. *See, e.g.*, *Sutton v. Frost*, 432 A.2d 1311, 1313 (Me. 1981) (holding that "a building of a permanent character can be held by another as personal property" via agreement with the landowner); *Peaks v. Hutchinson*, 53 A. 38, 39-40 (Me. 1902) (holding that "a building erected by one man on the land of another, by his permission, remains the personal property of him who erects it"). The Law Court recently clarified in *Atlantic Home Solutions, Inc. v. Quang Pham* that the parties' agreement is relevant (although not determinative) to the determination of whether the personalty has become part of the realty upon which it rests. 2022 ME 6, ¶ 11, 267 A.3d 1106. Other factors include the nature of the structure's physical attachment to the land and the party's relation to and use of the structure also being relevant. *Id.*

Here, the Lease expressly provides that "title to all buildings on or hereafter erected or built on the leased premises shall be and remain personal property of the [Defendants]." This agreement is evidence that the Camp is personalty, not realty, sufficient to survive the instant motion. *See id.* Moreover, the Defendants were certainly on actual notice of this language, despite the fact it was not recorded, because it was in the Lease they agreed to and signed. Six Rivers and Defendants agreed in no uncertain terms to treat the Camp as personal property, not real estate, and this Court will apply the law as such on the instant motion. That the Lease was assigned to Franklin Savings has no bearing on the treatment of the Camp as personalty.

3.   The Maine UCC Exception Does Not Apply

Defendants believe that Franklin Savings is barred from taking a security interest in the Camp under 11 M.R.S. § 9-1334(1), which provides that a "security interest does not exist under this Article in ordinary building materials incorporated into an improvement on land." First, because the Camp is treated as personalty, § 9-1334 is inapplicable. Second, even if that were not the case, the reference to § 9-1334 is inapposite. The purpose of § 9-1334 is to prevent creditors from claiming security interests on materials such as lumber, concrete, and brick after said components have been incorporated into a complete structure. It does nothing to bar a security interest on that structure. Franklin Savings is not seeking to possess the two-by-fours and shingles of the Camp, it is seeking to possess the Camp as a whole.

## CONCLUSION

Based on the foregoing, the entry will be: Defendants Michael T. Bordick and Monica P. Bordick's Motion to Dismiss is DENIED.

SO ORDERED.

The Clerk is requested to enter this Order on the Docket, incorporating it by reference pursuant to M.R. Civ. P. 79(a).

Date: **05/27/2022**

Michael A. Duddy, Judge
Business & Consumer Court

Entered on the docket: 05/27/2022

5