STATE OF MAINE
CUMBERLAND, ss.

BUSINESS & CONSUMER COURT
DOCKET NO. BCD-REA-2022-00004

SYLVIA K. WARNER,                          )
                                           )
        Plaintiff,                         )
                                           )
    v.                                     )        **ORDER DENYING DEFENDANT'S**
                                           )        **MOTION TO DISMISS**
COASTAL REALTY CAPITAL, LLC                )
                                           )
        Defendant.                         )
                                           )

Plaintiff Sylvia K. Warner ("Warner") has been attempting to collect a substantial judgment against Paul Hollis ("Hollis") for many years.  In this current installment of her efforts, Warner brings a claim against Defendant Coastal Realty Capital, LLC ("Coastal Realty"), a company owned by Hollis, for violation of the Uniform Fraudulent Transfer Act, 14 M.R.S. §§ 3571-3582 (the "Act"), in connection with the transfer of 37.5 acres of land located in Berwick, Maine. Coastal Realty moves to dismiss based on various purported defects related to a Charging Order. For the reasons discussed below, the Court denies the Motion to Dismiss.

### STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), courts "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id*. (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830).

1

"Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id*.

## FACTS

According to the Complaint, Warner has a substantial judgment against Hollis in a related civil matter, *Warner v. Hollis*, dating from 2007.[1] Since obtaining her judgment, Warner has vigorously attempted to collect payment of the judgment. In 2014, at Warner's request, the Court issued a Charging Order in *Warner v. Hollis*, directed to "the interests of Defendant Paul C. Hollis, if any, in all limited liability companies as to which Paul C. Hollis has a membership interest . . . ." Hollis is the sole member of NC Berwick, LLC, a Maine limited liability company ("NC Berwick"). At all relevant times, the sole asset of NC Berwick was real estate located in Berwick, Maine, with an estimated value of $1,250,000 (the "Property"). In August 2020, NC Berwick conveyed the Property to Coastal Realty by deed in lieu of foreclosure of a mortgage. At that time, the amount owed on the mortgage was a fraction of the estimated value of the property. The deed in lieu of foreclosure was signed by "Paul Hollis, as Managing Member of NC Berwick, LLC." Warner alleges that the transfer violated the Act because NC Berwick did not receive a reasonable equivalent value in exchange for the transfer.

## DISCUSSION

Coastal Realty moves to dismiss for failure to state a claim, on the grounds that the charging order on which Warner relies does not establish her as a creditor of NC Berwick (and thus she cannot maintain a claim against Coastal Realty for fraudulent transfer). Coastal Realty does not cite any authority for its argument, but instead relies on a narrow reading of the statute coupled with an attack on the Complaint for, essentially, failure to allege certain facts (i.e. service of the

---

[1] No. CV-06-425.

Charging Order) with specificity. Coastal Realty's arguments at this stage of the litigation are unpersuasive.

Under the Act, the terms "claim" and "creditor" are defined broadly. In *Powell v. Charles Dhyse Tr.*, No. CV-12-41, 2019 Me. Super. LEXIS 82, at \*11-12 (June 11, 2019) (*Murray, J.*), the Court explained:

> [T]he Trust Defendants challenged Plaintiff's status as "creditors" with a "claim" owed a "debt" as those terms are defined under the UFTA. Fundamentally, the UFTA is meant to remedy fraudulent transfers made to avoid "creditors" with a "claim." The Trust Defendants' position reads the definition "debt" and "claim" too narrowly. A "claim" under the UFTA means a right to payment whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured. 14 M.R.S. § 3572(3). This definition of "claim" is expansive and should be read broadly.

This Court agrees with the *Powell* Court's broad construction of the Act. Moreover, the normal protections accorded to the assets of a limited liability company are suspended when it comes to the "laws against fraudulent conveyances." 31 M.R.S. § 1574(6).

Read in the light most favorable to Warner, the allegations associated with the Charging Order are sufficient to state a claim. And the Complaint's allegation that Warner has "vigorously attempted to collect payment of the judgment" requires the Court to infer that she has completed any necessary procedural steps such as service of the Charging Order. Accordingly, the Motion must be denied.

### CONCLUSION

For all these reasons, the Court denies Defendant's Motion to Dismiss Complaint.

SO ORDERED.

The Clerk is instructed to enter this Order on the Docket, incorporating it by reference pursuant to M.R. Civ. P. 79(a).

3

Date: July 13, 2022

Michael A. Duddy, Judge
Business and Consumer Court

Entered on the docket:  07/13/2022

4