## BLAKE *vs.* HOWARD.

A party attempting to impeach a conveyance as fraudulent, will not be permitted to give evidence of another conveyance by the same grantor, of other land, and at another time, without connecting it by proof of privity or knowledge on the part of the grantee, upon whom the testimony is intended to bear.

THIS was a writ of entry upon the demandant's seizin and a disseizin by the tenant, and was tried upon the general issue before *Parris J., Nov.* term, 1833.

Both parties claimed title under *James L. Blake;* the plaintiff by deed dated *June* 30, 1830, the tenant by the levy of an execution, *Nov.* 1, 1831. The tenant contended that the conveyance to the plaintiff was fraudulent and void, as against the creditors of said *Blake;* and much evidence was introduced upon that question by both parties. The tenant among other things, introduced a deed from said *Blake* to his father, *Freeman Blake,*

Blake *v.* Howard.

dated *Nov.* 4, 1829, purporting to convey certain real estate lying about four miles from the demanded premises, and in a different town, and offered to prove that the grantor remained in possession, and made repairs, and other facts tending to show that said last mentioned conveyance was fraudulent as against creditors, and claimed to urge that to the jury, as evidence that the conveyance, under which the plaintiff claims, was fraudulent. But the presiding Judge ruled that it was improper for him so to do. If this ruling was incorrect the verdict, which was for the demandant, was to be set aside.

*Longfellow,* for the tenant, to show that the proposed evidence was admissible, cited *Bridge* v. *Eggleston,* 14 *Mass.* 245; *Smith* v. *Hale,* 6 *Greenl.* 416.

*Fessenden* and *Deblois,* for the demandant, cited *Flagg* v. *Wellington,* 6 *Greenl.* 386; *Gore* v. *Brazier,* 3 *Mass.* 541; *Connecticut* v. *Bradish,* 14 *Mass.* 296; 5 *Dane's Abr.* 341.

WESTON J. — In *Bridge* v. *Eggleston,* the declarations of the grantor prior to the conveyance, related to the property then in controversy. So did the declarations of the vendor, in *Hale* v. *Smith.* In *Flagg* v. *Wellington,* 6 *Greenl.* 386, evidence of fraud in another conveyance was rejected. The evidence offered by the tenant, was of an unconnected transaction, between other parties. Suppose that was fraudulent, and within the knowledge of the demandant, it subjected him to no imputation. He was not responsible or affected by the conduct of others. He might notwithstanding purchase in good faith, and for a valuable consideration. It would be opening a wide field, to investigate the character of other sales. We are inclined to think such testimony inadmissible. But we are very clear, that it ought not to affect the cause, unless connected with proof of privity or knowledge on the part of the grantee, upon whom the testimony is intended to bear. In the case before us, no intimation was made at the trial, that any such proof was to be adduced, in relation to the demandant; and the testimony offered was, in our opinion, properly rejected.

*Judgment on the verdict.*