ROYAL EASTMAN *versus* BENJAMIN FLETCHER & *ux.*

The proceedings should be by bill in equity, and not by writ of entry, for the recovery of land, by one who claims title under a levy thereon of an execution against a debtor, who never had the *legal title* to it, but had only an *equitable interest* therein.

Where a judgment creditor causes his execution to be levied upon land, the *legal title* to which is in the debtor, if, prior to the attachment of it on the original writ, he had actual notice that the debtor held the land *in trust* for the benefit of a third person, as against the rights of such equitable owner, the levy will be invalid.

WRIT OF ENTRY, in which Benjamin Blaisdell was joined as defendant with said Fletcher and wife. At the second term, after entry, the said Blaisdell disclaimed all title to, and interest in, the premises demanded; whereupon, the demandant amended his writ by striking out his name as a defendant.

The demandant claims to recover of the said Fletcher and wife a tract of land situate in Berwick, containing about forty acres. The said Fletcher and wife pleaded the general issue.

At the trial, before HATHAWAY, J., the plaintiff introduced a judgment recovered by himself against said Blaisdell and Fletcher, at the September term of this Court, 1852; the execution which issued thereon, and the levy of the same on a part of the premises demanded, which levy was duly recorded.

Also a judgment recovered at the same term, by Bartlett & al. *v.* said Fletcher, and the levy duly recorded of the execution that issued thereon, upon the other portion of the demanded premises.

Also a deed to himself from said Bartlett & al., of their interest under their levy.

Also copy of a deed from Aaron Maddox to said Blaisdell, of the premises sued for, dated April 19, 1847, acknowledged same day, and recorded Oct. 20, 1851.

The demandant also put in testimony showing that, at the times of the levies, the said Benjamin Fletcher was in possession of the premises, claiming title.

Benjamin Blaisdell, introduced by defendants, testified that he never took a deed of the premises from Aaron Maddox; that he and Fletcher were sued by plaintiff, some time ago, for a bill for services he claimed; " before he sued us, he was told by me that the land belonged to Mrs. Fletcher, and not to put that deed on record;" that he (witness,) never claimed to own the land, never authorized the deed to be made to him, knew nothing about it.

The defendants also introduced testimony tending to show that, prior to and at the time of their marriage, the female defendant was possessed of money of her own, which, after her marriage, she loaned to her husband to pay, in part, for a farm he had agreed to purchase, and which he purchased and occupied a few years, and afterwards sold it; and, on receiving payment therefor, he paid to his wife the note he gave her for the money loaned him. That, with the money thus paid her, the premises in controversy were purchased, and that the husband, who transacted the business for her, requested the deed to be made by Maddox to Blaisdell, and that it was never delivered to Blaisdell.

The premises in controversy were bargained to one Drew, to whom possession was given. Drew failed to pay, and Fletcher employed the plaintiff to prosecute a suit in the name of Blaisdell, for the recovery of the land, and placed in plaintiff's possession the deed from Maddox to Blaisdell.

It also appeared in testimony that plaintiff caused the deed to be recorded. The plaintiff introduced evidence tending to show that the land was purchased by Fletcher of Maddox, with means of his own, and the deed thereof made to Blaisdell, to save it from attachment by the creditors of Fletcher, and that Fletcher's wife never made any claim to the land until after it had been levied upon.

The case was withdrawn from the jury, the parties having requested the presiding Judge to report the evidence in the case for the decision of the full Court, who were authorized to draw inferences from the evidence as a jury might. So much of the evidence as is inadmissible, if seasonably objected to, to be excluded.

The case was argued by

*Eastman, pro se,* (with whom was *Wells,*) and by

*Bourne, Jr.,* for defendants.

The opinion of the Court was drawn up by

DAVIS, J.—The evidence in this case is somewhat conflicting. The demandant claims under two levies of executions, one against Fletcher, and the other against Fletcher and Blaisdell. At the time of these levies, the legal title to the premises was in Blaisdell. But Blaisdell held the title merely in trust, either for Fletcher or for his wife. The purchase money was paid by Fletcher, and the deed taken in Blaisdell's name. It is uncertain whether the money really belonged to Fletcher, or to his wife. The parties seem to have made contradictory statements about it; but, though it is unnecessary for us to express any opinion in regard to it, the preponderance of testimony seems to favor the conclusion that, whatever the parties may at other times have said about it, the purchase money, in fact, belonged to Fletcher's wife.

But, admitting that Blaisdell held the legal estate in trust for Fletcher, the levy upon it of the execution of Bartlett & al. *v.* Fletcher, at most, only passed the *equitable title* to the creditors. *Russell* v. *Lewis,* 2 Pick. 508; R. S. of 1841, c.

94, § 10. The interest acquired by such a levy is not sufficient to sustain a writ of entry. The demandant declares on his own seizin, in fee, and must prove a subsisting right of entry. R. S. of 1841, c. 145, § § 4, 5, 7. To support these allegations, he must prove that he had the *legal estate* in the premises, at the time of the demise laid in the declaration. 2 Greenl. Ev. § § 303, 533; *Howe* v. *Bishop,* 3 Met. 26; *Goodwin* v. *Hubbard,* 15 Mass. 210.

In the case before us, if the demandant, by his deed from Bartlett and Carter, has acquired whatever interest Fletcher had in the premises, and the equitable interest was in Fletcher, his remedy is not by an action at law, but by a bill in equity. *Shaw* v. *Wise,* 10 Maine, 113; *Houston* v. *Jordan,* 35 Maine, 520.

The demandant also claims under a levy upon an execution in his own favor, against Blaisdell and Fletcher. But Fletcher and Blaisdell both testify that, before the commencement of the suit against them, the demandant had actual notice that Blaisdell held the land in trust for Fletcher's wife, to whom the purchase money belonged. The demandant denies having had any such notice; but the testimony of Blaisdell and of Fletcher that the demandant had the deed in his hands long before that time, with notice that it was never delivered, and that he caused it to be recorded without any authority therefor, involves the matter in great doubt, as between the parties themselves. And, in view of the whole case, we are not satisfied that the demandant is entitled to recover. According to the agreement of the parties, a nonsuit must be entered.

TENNEY, C. J., CUTTING, MAY, and GOODENOW, J. J., concurred.