STATE OF MAINE                          BUSINESS & CONSUMER DOCKET
CUMBERLAND, ss.                         LOCATION:  PORTLAND
                                        DOCKET NO.: BCDWB-CV-2020-39


ALEXANDRA COLLINS WIGHT,        )
et. al.,                        )
                                )
            Plaintiffs,         )
                                )
v.                              )       ORDER DENYING DEFENDANTS'
                                )       MOTION TO DISMISS
DIAMOND'S EDGE LLC, et. al.,    )
                                )
            Defendants.         )


The issues in this case are moored to the pier at Diamond Cove, a popular harbor carved into the shoreline of Great Diamond Island in Casco Bay. On September 25, 2020, Plaintiffs filed a five count Complaint alleging that Defendants have wrongfully blocked Plaintiffs' use of the pier and connected docks in conjunction with operation of the Crown Jewel restaurant.[1] Defendants, who own and operate a competing restaurant, assert that customers of Plaintiffs' restaurant arriving by water taxi or private boat have no right to use the pier and connected docks. On November 19, 2020, Defendants filed a Motion to Dismiss the claims presented in Counts I, IV and V for failure to state a claim upon which relief may be granted. *See* M.R. Civ. P. 12(b)(6). Upon application the case was transferred to the Business Court, and on February 9, 2021, the Court conducted an oral argument. For the reasons discussed below, the Court denies the Motion.

---

[1] The Complaint sets forth the following claims: Count I, tortious interference; Count II, restraint of trade; Count III, monopolization; Count IV, interference with easement rights; and Count V, declaratory judgment.

1

STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), the Court "consider[s] the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.* The legal sufficiency of a complaint challenged pursuant to M.R. Civ. P. 12(b)(6) is a question of law. *Marshall v. Town of Dexter*, 2015 ME 135, ¶ 2, 125 A.3d 1141.

FACTS

According to the Complaint, Diamond Cove is a subdivision located on Great Diamond Island in Casco Bay and part of the City of Portland (the "Island"). The Island is not connected to the mainland, and so access to the Island is almost exclusively by boat. The subdivision is governed by the Diamond Cove Homeowners Association (the "Homeowners Association"). The rights and responsibilities of Diamond Cove residents and the Homeowners Association are set forth in an Amended and Restated General Declaration of Covenants and Restrictions (the "Declaration").[2] The Declaration provides that every member shall have the right and easement of enjoyment to the common properties in common with other owners.

The Homeowners Association owns a pier that extends into the harbor at Diamond Cove. Dock structures referred to as the Fireboat Dock and the Dinghy Dock adjoin the northerly side of

---

[2] The parties agree that pursuant to the *Moody* exception, the Court can consider the documents attached to the Complaint and to the briefs without converting the Motion to Dismiss into a Motion for Summary Judgment. *See Moody v. State Liquor & Lottery Comm'n*, 2004 ME ¶ 8, 843 A.2d 43, 47.

the pier. A set of marina docks adjoin the southerly side of the pier. The authority of the Homeowners Association to have a pier and dock structures in Diamond Cove is established by a Submerged Lands Lease with the State of Maine. The Submerged Lands Lease reserves the rights of the general public to recreation, navigation, and other traditional uses of the leased premises. Diamond Cove residents and their guests use the pier and dock structures to access the Island.

Plaintiff Alexandra Collins Wight ("Wight") owns Dame Rafa, LLC, and Dame Rafa, LLC owns Lot 32 in the Diamond Cove subdivision. The prior owners of Lot 32 operated a general store at Lot 32, and customers of the general store were permitted to use the pier and docks in Diamond Cove to access the business. Wight also owns Crown Jewel, LLC, and through that entity she currently operates a restaurant located at Lot 32, referred to as the Crown Jewel.

Defendant David Bateman ("Bateman") is the principal or managing owner of Diamond's Edge, LLC ("Diamond's Edge"), and The Inn at Diamond Cove, LLC ("the Inn"). Diamond's Edge owns Lot 29 in the Diamond Cove subdivision and operates a restaurant at that location known as the Diamond's Edge Restaurant. The Inn owns Lots 46A and 46N and operates an inn and restaurant at that location. Diamond's Edge and The Inn are competitors of the Crown Jewel.

Bateman and his businesses are permitted to use the pier and docks to support the businesses. Pursuant to a Restaurant Facilities Use and Services Agreement (the "Facilities Agreement") between the Homeowners Association and Diamond's Edge LLC, Diamond's Edge has a non-exclusive right to use the pier and the Fireboat Dock to support the Diamond's Edge restaurant. Indeed, the Facilities Agreement requires Diamond's Edge to make the Fireboat Dock available to pick up and drop off members of the Homeowners Association, including their guests and visitors, and to make another dock location available if a vessel is tied up at the Fireboat Dock. The Facilities Agreement is silent as to the Dingy Dock and the marina docks. The Facilities

Agreement does not imbue Diamond's Edge with any enforcement authority over the pier or docks. Bateman and The Inn are not parties to the Facilities Agreement, and the Facilities Agreement is silent as to use of the pier and docks by Bateman and The Inn.

According to the Complaint, Defendants have embarked on a campaign to destroy the Crown Jewel's business, by cutting off access to the pier and docks by Crown Jewel customers arriving by water taxi and private boat. Among other alleged actions, Defendants have refused under false pretenses to rent to the Crown Jewel a slip or two at the marina. Two employees or agents of Diamond's Edge removed the Crown Jewel's dinghy from the water and dropped it on the lawn of the Crown Jewel in front of its customers. Ominously, employees or agents of Defendants have followed customers of the Crown Jewel from the pier to the Crown Jewel, and on at least one occasion, blocked the path leading to the Crown Jewel. Employees of Defendants have repeatedly harassed customers of the Crown Jewel with threats of criminal and civil process. Defendants have also bullied the President of the Homeowners Association. As a result of Defendants' conduct, the Crown Jewell is barely hanging on, and its business has been significantly diminished.

ANALYSIS

Count I of the Complaint is entitled Intentional Interference with Advantageous Relationship. There are three elements of a tortious interference claim: 1) a valid contract *or* prospective economic advantage, 2) interference through fraud or intimidation, and 3) damages that were proximately caused by the interference. *Rutland v. Mullen*, 2002 ME 98, ¶ 13, 798 A.2d 1104, 1110 (citing *James v. MacDonald*, 1998 ME 148, ¶ 7, 712 A.2d 1054, 1057) (emphasis added). To be sufficient, a complaint need only consist of a short and plain statement of the claim to provide fair notice of the cause of action. *Johnston v. Me. Energy Recovery Co., Ltd. P'ship*,

4

2010 ME 2010 52, ¶ 16,997 A.2d 741. Malice, intent, knowledge, and other conditions of a person's mind may be generally averred. M.R. Civ. P. 9(b); *see Gallagher v. Penobscot Cmty. Healthcare*, No. CV-16-54, 2017 Me. Super. LEXIS 215, *31 (March 21, 2017). In this case, Plaintiffs have sufficiently pled facts to support all three elements.

First, Plaintiffs have alleged that, as the owner of Lot 32, they reasonably expected to be able to operate a successful restaurant on Lot 32 through nonexclusive use of the pier and docks owned by the Homeowners Association, as provided by the Declaration. Plaintiffs' advantageous relationship, as pled, is specific and identifiable, and not vague and conclusory as argued by Defendants. Moreover, since Plaintiffs' prospective economic advantage depends in part on the Declaration, which is a contract, Plaintiffs are not basing their claim solely on continuation of their business. There may be questions regarding the scope and contours of Plaintiff's rights under the Declaration (and perhaps other contracts not available on this record) to use the pier and docks. There may also be questions of whether the pier and docks are common property of the subdivision. However, when the Complaint is viewed in the light most favorable to Plaintiffs, Plaintiffs have established a sufficient prospective economic advantage or relationship. *See* Restatement (Second) of Torts § 766B (1979); *see also Taylor v. Pratt*, 135 Me. 282, 284, 195 A. 205 (1937) ("Prospective or potential business relations have been protected from wrongful interference."); *Harmon v. Harmon*, 404 A.2d 1020, 1023 (Me. 1979) ("the expectancy of future contractual relations, such as [] the opportunity of obtaining customers, will be protected by the law from wrongful interference").

Second, the conduct alleged by the Defendants and their employees and agents easily rises to the level of, at least, intimidation. Defendants counter that they were only asserting their legal rights. There are two problems with this argument. On this record, Defendants do not have legal

rights to assert against the Crown Jewel and its customers arriving by water taxi or private boat. Defendants have only non-exclusive rights to the pier and docks, and no enforcement authority at all. And even if they had rights to assert, stalking customers, threatening customers, removing dinghies, blocking paths, and bullying the Homeowners Association go well beyond mere assertion of rights. *See MacKerron v. Madura*, 445 A.2d 680, 683 (Me. 1982) (threats constituted intimidation). The Complaint further pleads that the Defendants' have proximately caused Plaintiffs' damages, and thus Count I survives the Motion to Dismiss.

Count IV of the Complaint is entitled Interference with Easement Rights. Largely for the reasons set forth above, Count IV survives the Motion to Dismiss. There may be issues regarding the scope of the easement, and whether the pier and docks are common elements of the Diamond Cove subdivision. However, when the current record is viewed in the light most favorable to Plaintiffs, Plaintiffs have a non-exclusive easement to use the pier and docks in support of the Crown Jewel. Defendants have interfered with Plaintiffs' use of that easement. It follows that Plaintiffs have stated a claim for interference with easement rights.

Count V seeks a declaratory judgment, and since Counts I and IV survive the Motion to Dismiss, Count V survives as well.

CONCLUSION

For all the reasons set forth above, Defendants' Motion to Dismiss Counts I, IV, and V of the Complaint is Denied. So Ordered. Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

February 11, 2021.

_____/s/_____
Michael A. Duddy
Judge, Business and Consumer Docket

*ALEXANDRA C. WIGHT, et al.*

> *Plaintiff*

*v.*

*DIAMONDS EDGE, LLC, et al.*

> *Defendants*

Party Name:                                          Attorney Name:

*Alexandra Wight*                               Michael Devine, Esq.
*Dame Raffa, LLC*                              **Norman Hanson Detroy, LLC**
*Crown Jewel, LLC*                            PO Box 4600
                                                        Portland, ME 04112+4600


*David Bateman*                                David Sherman, Esq.
*Diamonds Edge, LLC*                      **Drummond Woodsum**
*The Inn at Diamond Cove, LLC*       84 Marginal Way Suite 600
                                                        Portland, ME 04101-2480